FILED

FEB 8 - 2006

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re ) | Chapter 7 |
| ) | |
| DANIEL GENE JOHNSON, ) | No. 4-06-00017-EWH |
| ) | |
| Debtor. ) | **MEMORANDUM DECISION** |
| _____) | (Opinion to Post) |

On January 24, 2006, an order ("Order") was entered regarding the Debtor's request for a waiver of the credit counseling requirements of § 109(h)(1) and the requirement that the Debtor complete an instructional financial management course required before the grant of a discharge under § 727(a)(11).[1] With respect to the Debtor's request for a waiver of the prepetition credit counseling and pre-discharge financial management course requirements, the court required that the Debtor file a certification that he was, and will continue to be, denied access to in-person, telephonic or Internet services from a credit counseling agency approved by the Office of the United States Trustee for the District of Arizona.[2]

On February 1, 2006, the Debtor filed a certification indicating that he had attempted to call approved credit counseling agencies, but was unable to make actual contact because, as

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. § 101-1330 and to the Federal Rules of Bankruptcy Procedures, Rules 1001-9036.

[2] The Order also granted the Debtor's motion to waive the payment of the filing and other related Chapter 7 fees and his appearance at the first meeting of creditors due to his current and anticipated ongoing incarceration.

a prisoner, he was only permitted to make collect calls and no credit counseling agency would accept such calls. The Debtor further certified that he was denied the right to make non-collect phone calls by his prison case manager. The Debtor's certification states that he is denied access to the Internet. His certification also states that there are currently no U.S. Trustee approved credit counseling agencies that provide financial management instruction by mail.[3]

To the extent that the Order assumed that the Debtor could qualify for a § 109(h)(4) waiver of the credit counseling requirements of § 109(h)(1) and § 727(a)(11) if he could demonstrate that he had no access to such services, the Order was incorrect. The provisions of § 109(h)(4) strictly limit the circumstances in which an exception to § 109(h)(1) and § 727(a)(11) requirements may be granted. Waiver is only permitted if a debtor is unable to complete the required credit counseling because of "incapacity, disability, or active military duty in a military combat zone." "Incapacity" means that a debtor is so impaired by reason of mental illness or mental deficiency to be incapable of realizing and making rational decisions with respect to his financial responsibilities. "Disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in-person, telephone or Internet credit counseling briefing. See § 109(h)(4).

The legislative history of § 109(h) indicates that the purpose of requiring pre-filing credit counseling is to assure that debtors learn of the consequences of filing for bankruptcy

---

[3] The Debtor did not provide, as required by the Order, copies of regulations governing prisoner behavior in the State of Arizona or an affidavit of a representative of the Arizona Department of Corrections to corroborate the claims in his certification. However, for the reasons described in the balance of this Memorandum Decision, it would not matter if the Debtor had complied with that part of the Order.

2

protection and the availability of alternatives. See 144 Cong. Rec. H4402-02 (June 10, 1998). See also In re Warden, 2005 WL 3207630, at *2 (Bankr. W.D. Mo., Nov. 22, 2005). Since it is unlikely that incarcerated individuals will have income to fund a debt repayment plan or other alternative to bankruptcy, little purpose is served by requiring them to obtain pre-bankruptcy credit counseling. Nevertheless, there is nothing in § 109(h)(4) which permits an exception for prisoners. The fact that the Debtor has no actual access to a credit counseling agency or a financial management course, does not mean that he is physically impaired. Merriam-Webster's Collegiate Dictionary defines "impaired" as "being in less than perfect or whole condition: as a: handicapped or functionally defective . . . ." (10th ed. 2002). There is no evidence that the Debtor is in a less than perfect or whole condition. Clearly, his incarceration has resulted in his physical restraint, and that physical restraint effectively makes access to credit counseling impossible, but because he is not physically impaired, he does not qualify for a waiver on the grounds of disability under § 109(h)(4).[4]

Because Congress did not include an exception to the requirements of § 109(h)(1) for incarcerated individuals, most prisoners will be unable to obtain relief under the Bankruptcy Code. Presumably, the Debtor will be able to file for bankruptcy upon his release from jail.[5] However, it is difficult to understand what public policy purpose is achieved by barring

---

[4] The Order found that the Debtor is not incapacitated by reason of mental illness or mental deficiency because he had been able to file the bankruptcy petition.

[5] In this case, a review of the schedules and statement of affairs indicates that the Debtor owns nothing, making him effectively judgment proof, so it is unclear that he needs bankruptcy relief.

3

incarcerated, indigent individuals from obtaining a discharge of their dischargeable debts.[6] However, as noted by a number of other bankruptcy courts addressing the credit counseling requirements of § 109(h)(1), if a statute is clear and unambiguous, it is simply not open to the courts to depart from the statute's express terms. See In re Wallert, 332 B.R. 884 (Bankr. D. Minn. 2005); In re Cleaver, 333 B.R. 430 (Bankr. S.D. Ohio 2005); In re Fields, 2005 WL 3725619, at *5-6 (Bankr. E.D. Tenn., Dec. 9, 2005); In re Sosa, 2005 WL 3627817, at *2 (Bankr. W.D. Tex., Dec. 22, 2005). ("The court's hands are tied. The statute is clear and unambiguous. The Debtors violated the provision of the statute [109(h)(1)] outlined above and are ineligible to be debtors in this case.")

Because the Debtor is not entitled to a waiver under § 109(h)(4) and because he is unable to meet the requirements of § 109(h)(1) and § 727(a)(11), his case must be dismissed. An order consistent with the Memorandum Decision will be entered this date.

Dated this 8th day of February, 2006.

/s/ Eileen W. Hollowell
Eileen W. Hollowell
U.S. Bankruptcy Judge

---

[6] A discharge is not available under the Bankruptcy Code for claims resulting from criminal conduct. See §§ 523(a)(4),(6), (9) and (13).

| | |
|---|---|
| 1 | Copy of the foregoing mailed this |
| 2 | 8th day of February, 2006, to: |
| 3 | Daniel Gene Johnson |
| 4 | Reg # 13449-208 |
| | C.C.A. - Florence |
| 5 | P.O. Box 6300 |
| | Florence, AZ 85232 |
| 6 | Debtor |

Copy of the foregoing mailed this
8th day of February, 2006, to:

Daniel Gene Johnson
Reg # 13449-208
C.C.A. - Florence
P.O. Box 6300
Florence, AZ 85232
Debtor

Ronald Ancell, Trustee
1721 West Klamath Drive
Tucson, AZ 85704

U.S. Trustee's Office
230 North First Ave. #204
Phoenix, AZ 85003

By _[signature]_
Judicial Assistant